UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00106-MR

| FRANK I. HALL, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| WADESBORO POLICE DEPARTMENT, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A, [Doc. 1], and Plaintiff's Motion for Appointment of Counsel, [Doc. 2]. Plaintiff is proceeding in forma pauperis. [Docs. 5, 10].

**I.  BACKGROUND**

Pro se Plaintiff Frank I. Hall ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 1 at 2]. Plaintiff filed this action on February 21, 2023, pursuant to 42 U.S.C. § 1983, naming the Wadesboro Police Department and the Anson County Police Department as Defendants in this matter. [Doc. 1 at 1]. Plaintiff also purports to name "several unnamed

officers involved in the shooting of Plaintiff" in their individual and official capacities. [See Doc. 1 at 1-2]. Plaintiff alleges as follows.

On the night of May 26, 2020, Plaintiff had hitchhiked a ride with a woman driving a white Kia automobile. There were two other male passengers in the car. A police car pulled behind the Kia, turned on its overhead lights, and pursued the Kia. The two other passengers told the driver to pull over so they could exit the vehicle and "shoot the cop before backup arrived." [Id. at 3]. The driver proceeded to lead the police on a high-speed chase. Plaintiff learned then that the vehicle was stolen. [Id.]. During the chase, the driver wrecked the Kia by hitting a pole. [Id. at 4]. After the Kia was wrecked, the two other passengers fled the scene, as did Plaintiff "out of fear of being incriminated with the rest of the passengers." [Id.]. Officers from the Wadesboro PD and Anson County Sheriff's Department[1] saw Plaintiff fleeing with a weapon. The officers, who Plaintiff purports to name as Defendant "unnamed officers," discharged their weapons while Plaintiff fled, causing Plaintiff to return fire "out of fear." [Id.]. Plaintiff was shot in the torso and legs. [Id.]. Believing he was going to die, Plaintiff called Nadira Smith to convey his last words. After he hung up the phone, he threw

---

[1] Plaintiff seems to refer to the Anson County Police Department and Anson County Sheriff's Department interchangeably.

the weapon under a vehicle in the parking lot and attempted to surrender. Plaintiff laid on his stomach and placed his fingers interlocked under his head. [Id.]. The unnamed officers involved in shooting Plaintiff approached Plaintiff. Plaintiff stated: "I give up. I surrender. I can't breath." Despite that Plaintiff was laying "in a position of surrender" and not resisting, the unnamed officers discharged their weapons at point-blank range, shooting Plaintiff twice in his back and once in his right buttock, paralyzing Plaintiff from the waist down. [Id. at 5]. At some unidentified time, Plaintiff was also shot in the left jaw, severing Plaintiff's tongue. [Id.]. Plaintiff was taken to Wadesboro Hospital and then airlifted to CMC Trauma Facility in Charlotte, North Carolina, for treatment. [Id.].

Based on these alleged events, Plaintiff purports to state a claim for violation of his Eighth Amendment right to be free from cruel and unusual punishment and excessive force. [Id. at 7-9].

Plaintiff suffered numerous physical injuries from these events, including permanent paraplegia, multiple surgeries, nerve damage, and severe pain. [Id. at 6]. For relief, Plaintiff seeks monetary relief and purports to seek declaratory and injunctive relief. [See id. at 11].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Police Department Defendants

A police department is not a municipal entity subject to Monell liability under North Carolina law. See Smith v. Munday, 848 F.3d 248, 256-57 (4th Cir. 2017) (citing Ostwalt v. Charlotte-Mecklenburg Bd. Of Educ., 614 F.Supp.2d 603, 607 (W.D.N.C. 2008); Wright v. Town of Zebulon, 202 N.C. App. 540, 688 S.E.2d 786, 789 (2010)). Plaintiff, therefore, has failed to state a claim against the Wadesboro Police Department or the Anson County Police Department.[2] The Court will dismiss these Defendants.

### B. "Unnamed Officers"

Plaintiff purports to name an unspecified number of "Unknown Officers," identified as police officers of the Wadesboro and Anson County Police Departments, as Defendants in this matter in their individual and

---

[2] To the extent Plaintiff intended to name the Anson County Sheriff's Office as a Defendant, he has also failed. That is, Plaintiff has not alleged that an Anson County Sheriff's Office policy or custom resulted in the violation of federal law. See Monell v. New York City Dep't of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978_; Oklahoma City v. Tuttle, 471 U.S. 808, 818-20, 105 S. Ct. 2427, 2433-34 (1985) (discussing same).

official capacities. [See Doc. 1 at 1-2]. Plaintiff alleges that these officers shot Plaintiff at point-blank range after Plaintiff had surrendered. Plaintiff, however, has failed to sufficiently identify these Doe Defendants. Doe Defendants must be named individually as John/Jane Doe Defendants until they can be identified through discovery or otherwise. Simply naming them collectively as "Unknown Officers" is insufficient and improper. These Defendants will also be dismissed.

The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief in accordance with the terms of this Order, if the facts support such an amendment.

## IV. MOTION FOR COUNSEL

Plaintiff has also moved for appointment of counsel. [Doc. 2]. As grounds, Plaintiff argues that he cannot afford counsel, that his imprisonment will greatly limit his ability to properly litigate this matter, that the factual allegations are complex and will require significant research and investigation, that a trial will likely involve conflicting testimony, and that he has limited knowledge of the law and limited access to a law library. [Id. at 1]. Plaintiff also argues that he has limited time out of his cell and that his disabilities and serious medical conditions "can prohibit him from effectively representing a proper case." [Id. at 2].

A plaintiff must present "exceptional circumstances" to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). While Plaintiff's circumstances may be more difficult than most, the Court declines to seek counsel for Plaintiff at this time. Plaintiff's motion to appoint counsel, therefore, will be denied. If this matter proceeds to trial, however, the Court may appoint counsel for Plaintiff through the Prisoner Assistance Program (PAP). [Misc. Case No. 3:19-mc-00013-MR, Docs. 2, 5].

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this

Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. 2] is **DENIED**.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: April 16, 2023

Martin Reidinger
Chief United States District Judge