UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00106-MR

| | |
|---|---|
| FRANK I. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | ORDER |
| ) | |
| JOHN DOE 1, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A. [Doc. 15]. Plaintiff is proceeding in forma pauperis. [Docs. 5, 10].

## I.     BACKGROUND

Pro se Plaintiff Frank I. Hall ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 1 at 2]. Plaintiff filed this action on February 21, 2023, pursuant to 42 U.S.C. § 1983, naming the Wadesboro Police Department and the Anson County Police Department as Defendants in this matter. [Doc. 1 at 1]. Plaintiff also purported to name "several

unnamed officers" as Defendants in their individual and official capacities. [See Doc. 1 at 1-2]. In his original Complaint, Plaintiff alleged that, on May 26, 2020, the "unnamed officers" from the Wadesboro Police Department and Anson County Sheriff's Department shot Plaintiff at point-blank range after Plaintiff had surrendered following a car chase. [Id. at 3-5]. On initial review of Plaintiff's Complaint, the Court found that Plaintiff failed to state a claim for relief and allowed Plaintiff 30 days to amend his Complaint. [Doc. 14 at 6-8]. The Court advised Plaintiff that Doe Defendants must be named individually as John/Jane Doe Defendants until they can be identified through discovery or otherwise. [Id. at 6].

Plaintiff timely filed an Amended Complaint, [Doc. 15], which is now before the Court on initial review. In his Amended Complaint, Plaintiff names John Doe #1 and John Doe #2, both identified as "Police /or Sheriff;" and Talmadge Legrand and Cuong Phan, both identified as Officers with the Wadesboro Police Department. [Id. at 2-3]. Plaintiff purports to sue all Defendants in their individual and official capacities. [Id.]. Plaintiff alleges that, "[o]n May 26, 2020 at 11:45-12:00 p.m. at night while laying facedown in the street surrendering, in surrender fashion said officers shot me in the back (2) twice & (1) once in the buttock." [Id. at 5]. Plaintiff claims violation of his rights under the Fifth and Eighth Amendments. [Id. at 3]. For injuries,

2

Plaintiff claims to have suffered paralysis and nerve damage. [Id.]. Plaintiff seeks monetary relief only. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Plaintiff claims his rights under the Fifth and Eighth Amendments were violated by Defendants' conduct. While Plaintiff's allegations do not implicate the Fifth or Eighth Amendments, they do implicate the Fourth Amendment and the Court will consider them thereunder.

"The Fourth Amendment's prohibition on unreasonable seizures includes the right to be free of 'seizures effectuated by excessive force.'" Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (quoting Schultz v. Braga, 455 F.3d 470, 476 (4th Cir. 2006)). In this regard, the inquiry is whether a reasonable officer would have determined that the degree of force used was justified by the threat presented, an objective inquiry "requir[ing] careful attention to the facts and circumstances in each particular case," including "'the severity of the crime at issue,' whether the 'suspect poses an immediate threat to the safety of the officers or other,' and whether the suspect 'is actively resisting arrest or attempting to evade arrest by flight.'" Jones v. Buchanan, 325 F.3d 520, 527 (4th Cir. 2003) (quoting Graham v. Connor,

4

490 U.S. 386, 396 (1989)).

Here, taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, the Court finds that Plaintiff's Fourth Amendment claim against Defendants in their individual capacities based on their alleged use of excessive force in (presumably) arresting Plaintiff is not clearly frivolous and survives initial review.

The Court, however, will dismiss Plaintiff's official capacity claims. Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell, 436 U.S. at 690 n. 55, 98 S.Ct. at 2035). To the extent the Doe Defendants are employees of the Anson County Sheriff's Officer, the Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). Plaintiff does not allege that any official policy was the moving force behind or otherwise played a part in any constitutional violation. Moreover, as Plaintiff was previously advised, [Doc. 14 at 5], a police department is not a municipal entity subject to Monell liability under North Carolina law. See

Smith v. Munday, 848 F.3d 248, 256-57 (4th Cir. 2017) (citing Ostwalt v. Charlotte-Mecklenburg Bd. Of Educ., 614 F.Supp.2d 603, 607 (W.D.N.C. 2008); Wright v. Town of Zebulon, 202 N.C. App. 540, 688 S.E.2d 786, 789 (2010)). The Court, therefore, will dismiss Plaintiff's official capacity claims against all Defendants.

## IV. CONCLUSION

In sum, the Amended Complaint survives initial review under 28 U.S.C. § 1915A in accordance with the terms of this Order.

Before the Court can facilitate service on the Defendants, Plaintiff must identify John Doe 1 and John Doe 2 and Plaintiff must provide completed summonses for all Defendants. The Court will order Plaintiff to identify the Doe Defendants within 21 days of this Order. If Plaintiff is unable to identify these Defendants by name, he must submit any and all information he knows that may assist in their identification.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Fourth Amendment excessive force claim against all Defendants in their individual capacities passes initial review. All remaining claims are **DISMISSED** for Plaintiff's failure to state a claim for relief under 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER ORDERED** that Plaintiff shall identify Defendants John Doe 1 and John Doe 2 within 21 days of this Order in accordance with the terms of this Order.

The Clerk is instructed to mail four (4) blank summonses to Plaintiff to fill out and identify Defendants, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on all Defendants. When the Court receives the summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon the Defendants.

**IT IS SO ORDERED**.

Signed: May 11, 2023

Martin Reidinger
Chief United States District Judge