# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:23-cv-00106-MR

| | |
|---|---|
| FRANK I. HALL, )<br>)<br>       Plaintiff, )<br>)<br>vs. )<br>)<br>WADESBORO POLICE )<br>DEPARTMENT, et al., )<br>)<br>       Defendants. )<br>_____ ) | **PROTECTIVE ORDER** |

**THIS MATTER** is before the Court on Motion for Entry of Protective Order for SBI File [Doc. 45] filed by Cuong Phan, Talmadge Legrand, and Bradley Davison (the "moving Defendants").

The moving Defendants, with the consent of counsel for Defendant Jonathan Williams and non-party North Carolina State Bureau of Investigation ("SBI"), request the Court to enter a protective order under which the SBI's investigative file in SBI Case No. 2020-01454 ("the file") may be produced to all parties herein for the purposes of prosecuting and defending this action.

On review of the Defendants' motion, the Court finds that such information may not be released without a protective order first being

entered, due to the confidentiality of criminal investigation records under North Carolina Law. N.C. Gen. Stat. § 132-1.4(a). These records "may be released by order of a court of competent jurisdiction." Id.

Due to the confidential nature of the file, a protective order is necessary to authorize the release of such confidential information and to ensure that such confidential information is not disclosed or used for any purpose except in connection with this litigation. All Defendants and the SBI stipulate to the entry of this Order. [Doc. 45]. The Court will, therefore, grant the moving Defendants' request for a protective order.

**IT IS, THEREFORE, ORDERED** that the Motion [Doc. 45] is hereby **GRANTED**, and the Court enters the following protective order:

1. The file pertains to the subject matter involved in the case before this Court.

2. Counsel for the SBI, after reviewing the file, has no objection to providing it to the parties herein for the following reasons:

    A. No policy reason exists for denial of the parties' request.

    B. There is no prejudice to the SBI by releasing the file.

    C. There are no identities of persons contained in the file which need to be protected.

D. The criminal investigation which was the subject of the file has been concluded; and

E. The interests of the State of North Carolina are not prejudiced in any way by release of the file to the parties herein.

3. Except as may be otherwise provided by further order of the Court, documents contained within the file shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in Paragraphs 4 and 5 below.

4. Access to and the use of any documents, or any part thereof, of the file shall be limited to:

A. the Court,

B. the parties, parties' potential witnesses, attorneys of record for the parties, any associated counsel and any employees or agents of such attorneys and counsel,

C. Court-appointed mediators,

D. consultants, technical and expert witnesses involved in the preparation of this action,

E. court reporters, their transcribers, assistants, and employees,

F. any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness as an exhibit a document from the file in order to elicit testimony relevant to the matters at issue in this case, and

G. the jury.

5. Counsel may make copies of the file for the Plaintiff's or Defendants' experts upon receiving from same written agreement that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of the Plaintiff's or Defendants' experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgements shall be maintained by Plaintiff's or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of the Plaintiff's or Defendants' experts submits himself or herself to the jurisdiction of this Court for the purposes of enforcement of this Protective Order.

6. Experts who are permitted access to the file are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, or any matters contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order.

7. At the conclusion of this litigation, all copies of the file possessed by the parties, their attorneys, and experts, shall be disposed of in the manner provided by a separate final Order to issue from this Court.

**IT IS FURTHER ORDERED** that counsel to the North Carolina State Bureau of Investigation produce a copy of SBI Case NO. 2020-01454 to all parties herein.

**IT IS SO ORDERED.**

Signed: December 5, 2023

Martin Reidinger
Chief United States District Judge

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

I, _____, have read and familiar with the terms of the Protective Order governing the release of SBI Case NO. 2020-01454 in the case of <u>Hall v. Wadesboro Police Department</u>, 3:23-cv-106-MR, in the Western District of North Carolina, and agree with the following:

1. To abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order.

2. To not make use of any information obtained, whether in documentary or other form, for purposes other than this litigation.

3. Upon written request, to return to counsel of record or to destroy not later than 60 days after notification of the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

4. To submit myself to the jurisdiction of the foregoing Court, including its contempt power, for enforcement of said Order.

This the _____ day of _____, 20__.

_____
PRINTED NAME


_____
SIGNATURE