UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00106-MR

| | |
|---|---|
| FRANK I. HALL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) **ORDER**<br>)<br>BRADLEY DAVIDSON, et al., )<br>)<br>Defendants. )<br>_____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Appointment of Officer to Take Depositions [Doc. 40] and Plaintiff's "Motion to Add Defendants," [Doc. 43], which the Court will construe as a motion to amend the Amended Complaint.

Pro se Plaintiff Frank I. Hall ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. On February 21, 2023, Plaintiff filed this action pursuant to 42 U.S.C. § 1983. [Doc. 1]. After amending his Complaint, Plaintiff's Fourth Amendment individual capacity excessive force claims against Defendants Bradley Davidson, Talmadge Legrand, and Cuong Phan, Wadesboro Police Department Officers; and Defendant Jonathan Williams with the Anson County Sheriff's Office, passed initial review. [Docs.

15, 16; see Docs. 19, 25]. On August 14, 2023, the Court entered its Pretrial Order and Case Management Plan (PTOCMP), setting the deadline to amend and join parties as September 29, 2023. [Doc. 27]. The PTOCMP provides that "[a] motion to amend the pleadings made after this deadline is, in effect, a motion to amend this scheduling order" requiring the moving party to also satisfy Rule 16(b)'s "good cause" standard, in addition to Rule 15's "justice so requires" standard. [Id. at 5]. Currently, the discovery deadline is February 6, 2024, and the dispositive motions deadline is March 7, 2024. [12/5/2023 Text Order].

Plaintiff now moves pursuant to Federal Rule of Civil Procedure 28(a) for appointment of an officer to take a deposition of Paul K. Kim, M.D., on written questions. [Doc. 40]. As grounds, Plaintiff states that Dr. Kim is a neurologist who removed the bullets from Plaintiff's back and spine following the alleged use of excessive force by Defendants and that "that there is no one readily available who has power to administer oaths and to take testimony at Alexander Correctional Institution." [Id. at 1-2].

"Rule 28 'outlines *who is allowed* to take depositions; it does not create a duty for the court to find such a person and require them to administer depositions at the government's expense.'" Reynolds v. Young, No. 5:20-cv-00753, 2021 WL 5909185, at *1 (Dec. 14, 2021 S.D. W.Va.) (quoting

2

Case 3:23-cv-00106-MR   Document 52   Filed 12/20/23   Page 2 of 7

Badaiki v. Cameron Int'l Corp., No. 4:19-CV-371, 2020 WL 8990869, at *1 (S.D. Tex. Nov. 20, 2020)). "[T]he purpose of [Rule 28(a)(1)] is to provide for 'the situation, occasionally arising, when depositions must be taken in an isolated place where there is no one readily available who has the power to administer oaths and take testimony according to the terms of the rule as originally stated' or to afford 'a more convenient method of securing depositions in the case were state lines intervene between the location of various witnesses otherwise rather closely grouped.'" Id. (quoting 1946 advisory committee notes to Rule 28(a)(1)). Neither of these situations apply here. Contrary to Plaintiff's claim, a standard deposition may be taken at Alexander Correctional Institution with court reporters readily available to administer oaths and take testimony.

Moreover, Plaintiff's in forma pauperis status does not change the calculus. "Civil litigants, including pro se litigants, generally bear their own deposition costs." Steward v. Union Cnty. Bd. of Educ., 655 Fed. App'x 151, 157, n. 4 (3d Cir. 2016). "There is no provision in the in forma pauperis statute for the payment by the government of the costs of deposition transcripts, discovery costs, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." Gochie v.

3

Case 3:23-cv-00106-MR   Document 52   Filed 12/20/23   Page 3 of 7

Beaver, No. 5:18-cv-148-FDW, 2019 WL 2088426, at *5 (W.D.N.C. May 13, 2019). "[T]he expenditure of public funds [on behalf of indigent litigants] is proper only when authorized by Congress." United States v. MacCollom, 426 U.S. 317, 321 (1976). For these reasons, the Court will deny Plaintiff's motion for the Court to appoint an officer to conduct a deposition of Dr. Kim.

Plaintiff also moves to amend the Amended Complaint to name two additional Defendants in this matter, Donald R. Morton and Kristen L. Anzaldua, both of the Wadesboro Police Department. [Doc. 43]. As grounds, Plaintiff argues that these Defendants "are a necessary party to obtain complete relief in this action and to preserve the status quo." [Id. at 1]. Plaintiff provides that he learned through discovery that Morton and Anzaldua were officers on the scene assisting Defendants Cuong Phan and Talmadge Legrand and "were behind plaintiff while he was on his stomach at gunpoint while incapacitated and already injured on the night of May 26, 2020." [Id.]. Defendants Phan, Legrand, and Davidson responded to Plaintiff's motion, arguing that the Court should deny the motion because amendment of Plaintiff's Amended Complaint would be futile. [Doc. 47].

Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15. However, "a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the

leave without any justifying reason.'" Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. Id.

The Court will deny Plaintiff's motion for several reasons. First, the deadline to amend the pleadings or join additional parties expired on September 29, 2023, and Plaintiff has not shown good cause to modify the scheduling order in this case. See Fed. R. Civ. P. 16(b)(4). Second, Plaintiff failed to submit a proposed Amended Complaint with his motion. As Plaintiff has been advised [Doc. 14 at 7], Complaints cannot be amended piecemeal. Third, amendment would be futile. Plaintiff asserts only that the proposed additional Defendants were present at the scene of the incident. He does not allege that these proposed Defendants had any involvement in the alleged use of excessive force on Plaintiff. While Morton and Anzaldua may have knowledge of matters at issue in this case as eyewitnesses, that is not a reason to name them as Defendants and the Court would dismiss them on initial review in any event. Moreover, the incident at issue occurred on May 26, 2020, and the statute of limitations in this case has expired. See N.C.G.S. § 1-52(5). A party may be added after the expiration of the

limitations period only "[w]hen that party has been given fair notice of a claim *within the limitations period* and will suffer no improper prejudice in defending it." Goodman v. Praxair, Inc., 494 F.3d 458, 471 (4th Cir. 2007). Here, while the claim Plaintiff purports to assert against the proposed Defendants arose out of the same occurrence as his original pleading, see Fed. R. Civ. P. 15(c)(1)(B), there is nothing before the Court suggesting that either Morton or Anzaldua knew or had reason to know of a claim and Defendants Phan, Legrand, and Davidson provide that Morton or Anzaldua left employment with the Wadesboro Police Department "long before this litigation was filed." [Doc. 47 at 3]. For these reasons, the Court will deny Plaintiff's motion to amend his Amended Complaint to add additional Defendants.

The Court also notes that Plaintiff has filed several "Notices" with the Court, notifying Defendants of his filings, which he also appears to be serving on Defendants. [See Docs. 40-1 at 11-12, 43-2]. Plaintiff is admonished that there is no need to serve these Notices on the Defendants and they should **not** be filed with the Court. They simply clog the Court's docket and have no affect or significance. It is enough to serve and file documents containing a proper certificate of service.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions [Docs. 40, 43] are **DENIED**

**IT IS SO ORDERED**.

Signed: December 20, 2023

Martin Reidinger
Chief United States District Judge