**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:23-cv-00106-MR**

| | |
|---|---|
| FRANK I. HALL, ) | |
| ) | |
|       **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **ORDER** |
| ) | |
| BRADLEY DAVIDSON, et al., ) | |
| ) | |
|       **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Subpoenas [Docs. 38,

41, 42], which the Court also construes as motions for their service.

Pro se Plaintiff Frank I. Hall ("Plaintiff") is a prisoner of the State of

North Carolina currently incarcerated at Alexander Correctional Institution in

Taylorsville, North Carolina. On February 21, 2023, Plaintiff filed this action

pursuant to 42 U.S.C. § 1983. [Doc. 1]. After amending his Complaint,

Plaintiff's Fourth Amendment individual capacity excessive force claims

against Defendants Bradley Davidson, Talmadge Legrand, and Cuong

Phan, Wadesboro Police Department Officers; and Defendant Jonathan

Williams with the Anson County Sheriff's Office, passed initial review. [Docs.

15, 16; <u>see</u> Docs. 19, 25]. Plaintiff alleges that Defendants shot him in the

back and buttock while he was lying face down in the street surrendering.

[Doc. 15 at 5].  On August 14, 2023, the Court entered its Pretrial Order and Case Management Plan (PTOCMP).  [Doc. 27].  On Plaintiff's motion, the Court recently extended the discovery deadline in this case to February 6, 2024.  [Doc. 39; 12/5/2023 Text Order].  On November 16, 2023, the Court denied several of Plaintiff's motions aimed at obtaining discovery through various subpoenas for the reasons stated in that Order.  [Doc. 37].  The Court admonished Plaintiff that "[i]t is [his] responsibility to prepare subpoenas in this matter and send them to the Court with a motion requesting that the Court direct the U.S. Marshal to serve them on Plaintiff's behalf."  [Id. at 3]. On December 6, 2023, the Court issued a Protective Order on a motion brought by Defendants Phan, Legrand, and Davidson and non-party North Carolina State Bureau of Investigation (SBI) for the production of the SBI's investigative file of the incident at issue.  [Docs. 45, 48].

Now before the Court are numerous Subpoenas filed by Plaintiff, none of which are accompanied by a proper motion.  [See Docs. 38, 41, 42].  For the sake of economy only, the Court will construe the Subpoenas as including motions for their service.  The Court will address each Subpoena in turn.  First, Plaintiff purports to subpoena all records regarding the

incident[1] from the Anson County District Attorney Reese Saunders. [Doc. 38 at 1-3]. The Court will deny Plaintiff's motion to serve this Subpoena. Under these circumstances, the Court cannot sanction the subpoena of records from a District Attorney's office. It appears that Plaintiff can obtain the requested items through discovery on the parties, the SBI file for which the Court recently entered a Protective Order, and through subpoena of his medical records, addressed below. Plaintiff fails to provide any grounds for seeking these materials through the District Attorney's office and the Court sees none.[2]

Next, Plaintiff filed a Subpoena directed to J.R. Alderman of the SBI seeking the same records sought from the Anson County District Attorney. [Doc. 38 at 4-6]. The Court will deny Plaintiff's motion to serve this Subpoena as moot given the Court's recent Protective Order regarding production of the SBI file.[3]

---

[1] In this Subpoena, Plaintiff seeks "all documents, records, reports, photographs, videos, and medical records pertaining to May 26, 2020 officer involved shooting. (Official Internal Affairs investigation documents & discovery, reports, crime scene photos, all incident and ballistic reports, all body cam/dash cam videos, all witness statements on scene, and medical records.)." [Doc. 38 at 1].

[2] The Court notes that Plaintiff filed an almost identical Subpoena only three days after the first such Subpoena. [See Doc. 41 at 4-6]. The Court will also deny Plaintiff's motion to serve this redundant Subpoena.

[3] Plaintiff also filed an identical Subpoena just three days later seeking these same records. [See Doc. 41 at 1-3]. The Court will also deny Plaintiff's motion to serve this redundant Subpoena.

Plaintiff also purports to subpoena the same records from Attorney Kelly Dawkins of Southern Pines, North Carolina. [Doc. 38 at 7-9]. Plaintiff, however, provides no context for this request and, under the circumstances, the Court can only assume that any records maintained by Attorney Dawkins are protected by attorney client privilege. Moreover, it appears that Plaintiff can obtain these same records in the manners described above. The Court, therefore, will deny Plaintiff's motion for service of the Subpoena directed to Attorney Dawkins.

Next, Plaintiff seeks service of a Subpoena on Betty Huntley of the Wadesboro Housing Authority. [Doc. 41 at 7-9]. In this Subpoena, Plaintiff seeks video surveillance footage from cameras at the Myrtlewood Apartments that may have captured the incident at issue. The Court will grant Plaintiff's motion to serve this Subpoena.

Finally, Plaintiff seeks service of Subpoenas for his medical records from and relating to the incident on Amy LaRosa, the North Carolina Department of Adult Corrections (NCDAC) Medical Records Manager; Carolina Medical Center Atrium Health; and Paul K. Kim, M.D., Plaintiff's treating neurologist. [Doc. 42 at 1-7]. The Court will grant Plaintiff's motion to serve these Subpoenas. With these Subpoenas, Plaintiff included a NCDAC Authorization to Release Medical Information. [Doc. 44]. The Court

will instruct the U.S. Marshal to include the Authorization when serving these Subpoenas.

**Plaintiff is admonished that if he files any further Subpoenas with the Court without a corresponding motion for service of the same, the Court will summarily strike such Subpoenas from the record in this matter. Plaintiff is also admonished against filing any further redundant or duplicative papers in this matter. They only serve to clog and confuse the Court's docket and will be stricken from the record.**

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motions to serve the Subpoenas directed to the Anson County District Attorney Reese Saunders, J.R. Alderman, and Kelly Dawkins [Doc. 38, Doc. 41 at 1-6] are **DENIED** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that the U.S. Marshal shall **SERVE** the Subpoenas to Betty Huntley (Docket No. 41 at pages 7-9), Amy LaRosa (Docket No. 42 at pages 1-2), Carolina Medical Center Atrium Health (Docket No. 42 at pages 3-7), and Paul K. Kim (Docket No. 42 at pages 6-7) for the Plaintiff in accordance with Rule 45(b) of the Federal Rules of Civil Procedure. The U.S. Marshal is instructed that the Subpoenas to Amy LaRosa, Carolina Medical Center Atrium Health, and Paul K. Kim **SHALL**

include the Medical Authorization at Docket No. 44.

**IT IS SO ORDERED**.

Signed: December 20, 2023

Martin Reidinger
Chief United States District Judge