UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00106-MR

| FRANK I. HALL, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| BRADLEY DAVIDSON, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motions [Docs. 54-57, 60].

Pro se Plaintiff Frank I. Hall ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. On February 21, 2023, Plaintiff filed this action pursuant to 42 U.S.C. § 1983. [Doc. 1]. Along with the Wadesboro Police Department and the Anson County Police Department, Plaintiff named "several unnamed officers" as Defendants in this matter. [Id. at 1]. On initial review, the Court dismissed the Defendant Police Departments and advised Plaintiff that he failed to sufficiently identify the unnamed officers. The Court advised Plaintiff that "Doe Defendants must be named individually as John/Jane Doe Defendants until they can be identified through discovery or

otherwise." [Doc. 14 at 6]. The Court allowed Plaintiff 30 days, until May 17, 2023, to file an amended complaint to properly state a claim upon which relief may be granted. [Id. at 7-8]. On May 4, 2023, Plaintiff filed an Amended Complaint. [Doc. 15]. In his Amended Complaint, Plaintiff named Talmadge Legrand, Cuong Phan, and John Does 1 and 2 as Defendants. [Id. at 2-3]. Plaintiff alleged that "[o]n May 26, 2020 at 11:45-12:00 p.m. at night while laying facedown in the street surrendering, in surrender fashion said [Defendants] shot [him] in the back (2) twice & (1) once in the buttock." [Id. at 5].

On May 11, 2023, Plaintiff's Amended Complaint passed initial review and the Court ordered Plaintiff to identify the Doe Defendants within 21 days of that Order so that the Court could facilitate service on these Defendants for the Plaintiff. [Doc. 16 at 6]. The Court further instructed Plaintiff that if he "[was] unable to identify these Defendants by name, he must submit any and all information he knows that may assist in their identification." [Id.].

On or before May 24, 2023, Plaintiff submitted summonses to the Court identifying all Defendants, including Bradley Davidson and Johnathan Williams, formerly John Doe 1 and John Doe 2, respectively. [Doc. 21]. Defendants answered [Docs. 24, 25] and, on August 14, 2023, the Court entered its Pretrial Order and Case Management Plan (PTOCMP), which set

2

Case 3:23-cv-00106-MR   Document 61   Filed 01/16/24   Page 2 of 9

the discovery deadline at December 8, 2023. [Doc. 27]. On Plaintiff's motion, the Court extended the discovery deadline to February 6, 2024. [Doc. 39; 12/5/2023 Text Order].

Recently, Plaintiff moved the Court "to Add Defendants" in this matter [Doc. 43], which the Court construed as a motion to amend his Amended Complaint. Plaintiff sought to add Donald R. Morton and Kristen L. Anzaldua, both of the Wadesboro Police Department, as Defendants. [Id.]. As grounds, Plaintiff argued that these Defendants "are a necessary party to obtain complete relief in this action and to preserve the status quo." [Id. at 1]. Plaintiff stated that he learned through discovery that Morton and Anzaldua were officers on the scene assisting Defendants Phan and Legrand and "were behind plaintiff while he was on his stomach at gunpoint while incapacitated and already injured on the night of May 26, 2020." [Id.]. On December 20, 2023, the Court denied Plaintiff's motion to amend for several reasons:

> First, the deadline to amend the pleadings or join additional parties expired on September 29, 2023, and Plaintiff has not shown good cause to modify the scheduling order in this case. See Fed. R. Civ. P. 16(b)(4). Second, Plaintiff failed to submit a proposed Amended Complaint with his motion. As Plaintiff has been advised [Doc. 14 at 7], Complaints cannot be amended piecemeal. Third, amendment would be futile. Plaintiff asserts only that the proposed additional Defendants were present at the

3

scene of the incident. He does not allege that these proposed Defendants had any involvement in the alleged use of excessive force on Plaintiff. While Morton and Anzaldua may have knowledge of matters at issue in this case as eyewitnesses, that is not a reason to name them as Defendants and the Court would dismiss them on initial review in any event. Moreover, the incident at issue occurred on May 26, 2020, and the statute of limitations in this case has expired. See N.C.G.S. § 1-52(5). A party may be added after the expiration of the limitations period only "[w]hen that party has been given fair notice of a claim *within the limitations period* and will suffer no improper prejudice in defending it." Goodman v. Praxair, Inc., 494 F.3d 458, 471 (4th Cir. 2007). Here, while the claim Plaintiff purports to assert against the proposed Defendants arose out of the same occurrence as his original pleading, see Fed. R. Civ. P. 15(c)(1)(B), there is nothing before the Court suggesting that either Morton or Anzaldua knew or had reason to know of a claim and Defendants Phan, Legrand, and Davidson provide that Morton or Anzaldua left employment with the Wadesboro Police Department "long before this litigation was filed." [Doc. 47 at 3].

[Doc. 52 at 5-6]. Presumably before receiving the Court's Order by mail, Plaintiff filed the pending motions, three of which seek to again add Morton and Anzaldua as Defendants and the fourth seeking service of Plaintiff's proposed Second Amended Complaint.[1] [Docs. 54-57].

---

[1] The Court notes that it previously admonished Plaintiff "**against filing any further redundant or duplicative papers in this matter**," noting that "**[t]hey only serve to clog and confuse the Court's docket and will be stricken from the record in this matter**." [Doc. 53 at 5 (emphases in original)].

4

As grounds for his various motions to add Morton and Anzaldua as Defendants, which he calls "Motions for Cause to Add Defendants," "Motion for Substitution of Real Party in Interest," and "Motion to Add Defendants…,"[2] Plaintiff argues that (1) Morton and Anzaldua are "proper parties who were on the scene and involved in this officer involved shooting, both proposed additional defendants approached plaintiff at gunpoint while plaintiff lay face down, incapacitated, severely wounded and helpless;" (2) Plaintiff should be given the benefit of the "relation back" doctrine because "during the time of his Amended Complaint, filed May 4, 2023, Plaintiff was given no opportunity to conduct discovery which is why Plaintiff incorrectly asserted the incorrect identification of John Doe 1 (Bradley Davidson) and John Doe 2 (Johnathan Williams);" (3) Plaintiff assumed Davidson was involved in the shooting because the warrant for Plaintiff's arrest stated that "body worn camera videos were obtained from Det. Bradley Davidson of Wadesboro Police Department on May 29, 2020 at 3:28 p.m." [Doc. 57 at 1-2]; (4) "in October/November of 2023" Plaintiff learned through discovery "who approached Plaintiff at gunpoint from behind while Plaintiff was on his

---

[2] With this last motion, Plaintiff includes a proposed Second Amended Complaint in which he names Phan, Legrand, Morton and Anzaldua as Defendants. [See Doc. 54-1]. In relevant part, Plaintiff alleges: "Following car chase and officer involved shooting, I surrendered by laying face down on my stomach while incapacitated when officers shot me at point-blank range in the back and right buttock the night of May 26, 2020." [Id. at 2].

5

Case 3:23-cv-00106-MR   Document 61   Filed 01/16/24   Page 5 of 9

stomach" [Doc. 56 at 2]; and (5) both Morton and Anzaldua "had requisite actual notice, cause they participated in the incident and they were investigated by State SBI investigators" [Id. at 3].

On December 20, 2023, Defendant Williams filed a Joint Stipulation of Dismissal of Defendant Williams signed by Plaintiff. [Doc. 51]. It provides that Plaintiff agreed to enter a joint stipulation of dismissal because Plaintiff admitted at his deposition that he had no evidence that Williams was involved in the shooting and that his only reason for identifying Williams as a Defendant was that he knew Williams was an Anson County Sheriff's Deputy on the day of the shooting. [Doc. 51 at 1; see Doc. 58 (Amended Stipulation of Dismissal)]. The parties, however, have not filed a similar stipulation of dismissal for Defendant Davidson.

Despite the varied labels of Plaintiff's pending motions, Plaintiff in substance seeks to amend his Amended Complaint to add Morton and Anzaldua as Defendants in this matter. The Court already addressed this issue and denied Plaintiff's motion to amend his Complaint. [See Doc. 52 at 4-6]. While Plaintiff presents additional facts and arguments in the pending motions, the result is nonetheless the same. Of particular note, the statute of limitations expired on or about May 26, 2023, three years after Plaintiff's cause of action accrued, and a Second Amended Complaint adding these

Defendants would not relate back under the circumstances here.³ See Locklear v. Bergman & Beving AB, 457 F.3d 363 (4th Cir. 2006) (finding amended complaint filed after the statute of limitations expired that added a new party in place of a mistakenly named party did not relate back where substitution was result of lack of prior knowledge of proper party to be sued rather than mistake in form of misnomer); Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013) ("Generally, 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued.") (Internal quotation marks and citation omitted). The Court, therefore, will deny Plaintiff's pending motions seeking to add Morton and Anzalua as Defendants and deny Plaintiff's motion to issue summonses for service of the proposed Second Amended Complaint as moot.

The Court also notes that, while Plaintiff complains that he had insufficient time to properly identify the Defendants involved in the subject

---

³ The Rule 4(m) 90-day period for service began to run on May 11, 2023, when Plaintiff's Amended Complaint passed initial review. See Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). As such, an amended pleading adding Defendants Morton and Anzaldua would relate back under Rule 15(c)(1)(C) only if they received "sufficient 'notice of the action'" by around August 9, 2023. See Krupski v. Costa Crociere S. p. A., 560 U.S. 538, at n.5, 130 S.Ct. 2485 (2010). Nothing in Plaintiff's pleadings shows that Morton or Anzaldua knew of the action or knew or should have known that it would have been brought against them but for Plaintiff's mistake regarding the proper defendants' identities within this period. See Williams v. Dix, Civil Action No. ELH-17-2381, 2018 WL 6831165, at *6-7 (D. Md. Dec. 27, 2018); Fed. R. Civ. P. 15(c)(1)(B).

7

shooting, the Court advised Plaintiff that if he was unable to identify the John Doe Defendants by name within the time allowed by the Court, "he must submit any and all information he knows that may assist in their identification." [Doc. 16 at 6]. Moreover, Plaintiff has demonstrated his ability to seek an extension of a Court-imposed deadline when he needs it. [See Doc. 39].

Also, of note, after the benefit of discovery, Plaintiff's proposed Second Amended Complaint fails to state a claim for relief against any Defendant named therein. That is, Plaintiff alleges only that unidentified "officers" shot him "at point-blank range in the back and right buttock." [Doc. 54-1 at 2]. As such, even if the Court allowed Plaintiff to amend his Complaint to add Defendants Morton and Anzaldua, he has not stated a claim for relief against them in any event.

Plaintiff is admonished that any further motions aimed at adding Morton and Anzaldua as Defendants in this matter will be summarily denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions [Docs. 54, 55, 56, 57, 60] are **DENIED** in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: January 15, 2024

Martin Reidinger
Chief United States District Judge