UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00106-MR

| FRANK I. HALL, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| BRADLEY DAVIDSON, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's "Motion Requesting Order for Issuance and Service of Subpoena Duces Tecum." [Doc. 62].

Pro se Plaintiff Frank I. Hall ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. On February 21, 2023, Plaintiff filed this action pursuant to 42 U.S.C. § 1983. [Doc. 1]. After amending his Complaint, Plaintiff's Fourth Amendment individual capacity excessive force claims against Defendants Bradley Davidson, Talmadge Legrand, and Cuong Phan, Wadesboro Police Department Officers; and Defendant Jonathan Williams with the Anson County Sheriff's Office, passed initial review. [Docs. 15, 16; see Docs. 19, 25]. Plaintiff alleges that Defendants shot him in the

back and buttock while he was lying face down in the street surrendering.[1] [Doc. 15 at 5]. On August 14, 2023, the Court entered its Pretrial Order and Case Management Plan (PTOCMP). [Doc. 27]. On Plaintiff's motion, the Court extended the discovery deadline in this case to February 6, 2024. [Doc. 39; 12/5/2023 Text Order]. On November 16, 2023, the Court denied several of Plaintiff's motions aimed at obtaining discovery through various subpoenas for the reasons stated in that Order. [Doc. 37]. The Court admonished Plaintiff that "[i]t is [his] responsibility to prepare subpoenas in this matter and send them to the Court with a motion requesting that the Court direct the U.S. Marshal to serve them on Plaintiff's behalf." [Id. at 3].

On December 6, 2023, the Court issued a Protective Order on a motion brought by Defendants Phan, Legrand, and Davidson and non-party North Carolina State Bureau of Investigation (SBI) for the production of the SBI's investigative file in Case No. 2020-01454 involving the incident at issue (the "file"). [Docs. 45, 48]. In entering the Protective Order, the Court found that the file may not be released without a protective order due to the confidentiality of criminal investigation records under North Carolina law. [Doc. 48 (citing N.C. Gen. Stat. § 132-1.4(a))]. The Protective Order stated

---

[1] The parties recently filed a Joint Stipulation of Dismissal of Defendant Jonathan Williams. [Doc. 51]. As such, only Davidson, Legrand, and Phan remain as Defendants in this matter.

that counsel for the SBI had no objection to providing the file to the parties. [Id. at 2].

Plaintiff now moves the Court to issue and serve a Subpoena Duces Tecum on the SBI through its attorney for the production of the "[u]nedited" file, including "any and all unedited/unredacted body cam footage, dash cam footage capturing shootout and aftermath, … crime scene photos, ballistics reports, … statements by officers and witnesses, … photos, recordings, and tangible things" related to the investigation. [Doc. 62 at 1-2]. Plaintiff, however, fails to address the fact that the SBI has agreed to produce the file pursuant to the Protective Order. Plaintiff also fails to provide a copy of the Subpoena he wants issued.

The Court will deny Plaintiff's motion without prejudice. Plaintiff fails to address why a subpoena for the SBI file is necessary when it is already being produced pursuant to the Protective Order. Moreover, Plaintiff has been previously admonished that it is his responsibility to prepare subpoenas in this matter and send them to the Court with a motion requesting that the Court assist with their service. [Doc. 37 at 3]. As noted, Plaintiff failed to provide the Subpoena he wants served on the SBI here. If Plaintiff refiles this motion, he must explain why a subpoena is necessary to obtain the file and provide a copy of the Subpoena he wants issued to and served on the

SBI.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion Requesting Order for Issuance and Service of Subpoena Duces Tecum [Doc. 62] is **DENIED without prejudice** in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: January 23, 2024

Martin Reidinger
Chief United States District Judge